UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC HORTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICOOL HEATING & A/C, LLC, d/b/a AMERICOOL HEATING & AIR CONDITIONING, a Washington Limited Liability Company; LINCOLN ANDERSON, individually and on behalf of the marital community comprised of LINCOLN ANDERSON and TAMARA ANDERSON; NORMAN UPSON, individually and on behalf of the marital community comprised of NORMAN UPSON and MELISSA UPSON,<br><br>Defendants. | No. _____<br><br>**NOTICE OF REMOVAL**<br><br>**[Clerk's Action Required]** |

TO:   United States District Court for the Western District of Washington at Seattle

PLEASE TAKE NOTICE that Defendants Americool Heating & Air Conditioning, LLC ("Americool"), Lincoln Anderson, and Norman Upson (collectively "Defendants") give notice that they are removing the above-captioned case to the United States District Court for the Western District of Washington at Seattle. Defendants remove the case pursuant to 28 U.S.C. §§ 1441 and 1446 on the basis of original federal jurisdiction under the Labor

NOTICE OF REMOVAL - 1
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

Management Relations Act ("LMRA"), codified in relevant part at 29 U.S.C. § 185 ("Section 301"). In support of their removal, Defendants state as follows:

## I. Compliance with Removal Procedures

1. On November 17, 2022, Plaintiff Eric Horton ("Plaintiff") commenced this action by filing an alleged Class Action Complaint ("Complaint") in King County Superior Court under Cause No. 22-2-19035-3 SEA. Thereafter, Plaintiff served a Summons and Complaint on Defendant Americool on November 29, 2022 and on Defendant Anderson on December 7, 2022. Undersigned counsel accepted service on behalf of Defendant Upson on December 23, 2022. A true and correct copy of the Summons and Complaint are attached as **Exhibit A**.

2. Removal is proper to the Western District of Washington at Seattle because Plaintiff alleges Defendants operate and transact business in King County, Washington. *See* 28 U.S.C. § 1441(a); Ex. A at ¶ 2.2.

3. Defendants' Notice of Removal is timely because it is filed within thirty days of service. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Mitchem Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (formal service of process, measured from the service date according to state law, is a prerequisite for triggering the 30-day removal period). True and correct copies of the Declarations of Service on Americool Heating & Air Conditioning and Lincoln Anderson and the Acceptance of Service on behalf of Norman Upson are attached as **Exhibit B**.

4. As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendants are being concurrently filed today, along with all process, pleadings, and orders filed in the state court action.

5. Defendants will provide written notice of filing of this Notice of Removal by promptly serving all parties and filing a copy of this Notice of Removal with the Superior Court pursuant to 28 U.S.C. § 1446(d).

NOTICE OF REMOVAL - 2
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

6. All Defendants consent to removal. Because there are no other defendants to the state court action other than Defendants Americool, Anderson, and Upson, the removal does not require the consent of any other party.

7. Defendants will, within fourteen days, file with the clerk copies of all additional records and proceedings in the state court, if any, together with a verification that the copies are true and correct. LCR 101(b).

8. Defendants have not yet filed a responsive pleading, but will respond in compliance with the deadline set forth in Fed. R. Civ. P. 81(c)(2).

## II. Removal is Proper Because this Court has Federal Question Jurisdiction

9. Although Plaintiff styles his claims as arising under state law, federal courts have jurisdiction over this case because the Complaint states a federal question arising under the laws of the United States. *See* 28 U.S.C. § 1331.

10. Under the well-pleaded complaint rule, a district court has jurisdiction if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *People of the State of California v. Dynegy*, 375 F.3d 831, 838 (9th Cir. 2004). The doctrine of complete preemption is recognized as an exception to the "well-pleaded complaint rule." *Caterpillar Inc.*, 482 U.S at 393. In some situations, "any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Balcorta v. Twentieth Century Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000).

11. Relevant to this case is Section 301 of the LMRA which provides that "[s]uits for violation of contracts between an employer and a labor organization [i.e. collective bargaining agreements ("CBAs")] . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a). Thus, because federal law governs actions concerning the interpretation and enforcement of CBAs, the Supreme Court has found that Section 301 "completely preempts" all state law claims that are based upon or require

NOTICE OF REMOVAL - 3
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

interpretation of a CBA. *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985); *Beals v. Kiewit Pac. Co.*, 114 F.3d 892, 894 (9th Cir. 1997).

12.     This is true even where Plaintiff's complaint does not refer to or rely on a CBA. Plaintiffs are not permitted to "artfully plead" their complaint to conceal the true nature of the complaint. *See Franchise. Tax Bd. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 22 (1983); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009).[1] Thus, a claim pleaded under state law that requires the interpretation of a CBA is recharacterized as a Section 301 suit. *See Schuver v. MidAmerican Energy Co.*, 154 F.3d 795, 798–99 (8th Cir. 1998) (affirming denial of motion to remand when defendant asserted federal question jurisdiction under Section 301); *Rissetto v Plumbers & Steamfitters Local*, 343, 94 F.3d 597, 599 (9th Cir. 1996); *see also Vera v. Saks & Co.*, 335 F.3d 109, 114 (2nd Cir. 2003) (affirming removal as Section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim) (citation omitted).

13.     Here, at all relevant times, a CBA entered into between the Inland Northwest Sheet Metal Contractors Association[2] and the Northwest Regional Council of SMART Local Union 55 governed the terms and conditions of Plaintiff's employment with Americool ("Local 55 CBA").[3] Declaration of Lincoln Anderson In Support of Defendants' Notice of Removal ("Anderson Declaration") ¶¶ 3–4. Attached as **Exhibit 1** to Lincoln Anderson's Declaration is a true and correct copy of the Local 55 CBA which applied during Plaintiff's employment (in or around May – October 2022). *Id.* at ¶ 4, Ex. 1. Although the Complaint

---

[1] The Court may properly look beyond the face of the Complaint to determine if the claims asserted are preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroader v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983).
[2] At all relevant times, Americool has been a member of the Sheet Metal and Air Conditioning Contractors' National Association of Western Washington, which is part of the Inland Northwest Sheet Metal Contractors Association. Anderson Decl. at ¶ 3.
[3] Plaintiff's employment was covered by the following parts of the Local 55 CBA: Standard Form, Addendum #1 (Arts. II, III, IV, VIII, XVIII Section 2), Addendum #2, and Addendum #5 (Arts. VI, VII). Anderson Decl. at ¶ 4, Ex. 1.

NOTICE OF REMOVAL - 4
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

does not specifically refer to the Local 55 CBA or Section 301, this does not preclude removal. *Milne Emps. Assoc. v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980); *see also Troupe v. KLB Constr., Inc.*, No. C10-0599-JCC, 2010 WL 11688491, at *1–5 (W.D. Wash. July 7, 2010) (dismissing claim as preempted by Section 301 even though complaint did not reference the underlying collective bargaining agreement).

14. Courts employ a two-step test to determine whether a claim is preempted under Section 301. *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1060 (9th Cir. 2007). **First,** the Court analyzes whether the asserted cause of action involves "a particular right [that] inheres in state law or, instead, is grounded in a CBA." *Id.* at 1060. "The essential inquiry is this: Does the claim seek 'purely to vindicate a right or duty created by the CBA itself[?]'" *Curtis v. Irwin Indus.*, 913 F.3d 1146, 1153–54 (9th Cir. 2019) (citing *Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904 (9th Cir. 2018)). "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Burnside*, 491 F.3d at 1059 (citing cases).

15. **Second**, if the plaintiff's right exists independently of the CBA, the Court analyzes "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA]," which turns on whether the claim cannot be resolved by simply "look[ing] to" versus "interpreting" the CBA. *Curtis*, 913 F.3d at 1153 (citation omitted). At this second step of the analysis, "claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Id.* (citation omitted).

A. The Meal Period Claim Arises from the Local 55 CBA and is Preempted by Section 301

16. Plaintiff's meal period claim (Count II) exists solely from the Local 55 CBA, and not state law. Thus, his meal period claim is preempted by Section 301.

17. Plaintiff alleges that Defendants violated "the provisions of RCW 49.12.020 [the Washington Industrial Welfare Act] and WAC 296-126-092 [its implementing regulation]" by failing to provide him and putative class members appropriate meal periods. Ex. A at ¶¶ 7.5, 7.9.

NOTICE OF REMOVAL - 5
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

18. The Washington State Legislature has expressly made the state meal period regulation, WAC 296-126-092, waivable for employees in the construction industry. Under RCW 49.12.187, CBAs in the construction trade may supersede the minimum standards set forth in the meal period regulations and limit employees subject to those agreements to the remedies set forth within the CBA. Specifically, RCW 49.12.187 provides:

> This chapter shall not be construed to interfere with, impede, or in any way diminish the right of employees to bargain collectively with their employers through representatives of their own choosing concerning wages or standards or conditions of employment. However, rules adopted under this chapter regarding appropriate rest and meal periods as applied to employees in the construction trades **may be superseded by a collective bargaining agreement** negotiated under the national labor relations act, 29 U.S.C. Sec. 151 *et seq.*, **if the terms of the collective bargaining agreement covering such employees specifically require rest and meal periods and prescribe requirements concerning those rest and meal periods.**

(emphasis added); *see also* WAC 296-126-130(8)(a) ("Employers in construction trades with collective bargaining agreements negotiated under the National Labor Relations Act, 29 U.S.C. Sec. 151 *et seq.* . . . may vary from the meal and rest period rules, WAC 296-126-092, provided the agreement specifically requires meal and rest periods and prescribes requirements concerning those meal and rest periods[.]").

19. The Local 55 CBA was negotiated under the National Labor Relations Act, 29 U.S.C. § 151, *et seq. See* 29 U.S.C. § 158(f).

20. At all relevant times, Americool was in the construction trade as a Heating, Ventilation, & Air Conditioning ("HVAC") contractor and engaged in the construction, installation, maintenance, and repair of HVAC systems, primarily for new construction of residential and light commercial properties. Anderson Decl. at ¶ 2. Defendant Anderson is the President and Defendant Upson is the Vice President of Americool, and they are the sole LLC members of Americool. *Id.* at ¶ 1.

NOTICE OF REMOVAL - 6
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

21. At all relevant times, the Local 55 CBA governed the terms and conditions of Plaintiff's employment at Americool. *Id.* at ¶ 4, Ex. 1. The Local 55 CBA provides for and prescribes requirements regarding meal periods. Specifically and without limitation, the Local 55 CBA provides that (a) employees must be given an unpaid half hour lunch break between 11:00 a.m. and 1:00 p.m., *Id.* at ¶ 4, Ex. 1, Addendum #1, Art. XVIII, Sec. 2; (b) if employees are directed to work during the first lunch period, they will be paid at a rate of 1.5 times their regular pay, *id.*; (c) employees are given a paid lunch break after a 12-hour shift, paid at the regular rate, *id.* at Addendum #2, Art. III, Sec. 9.

22. Accordingly, Plaintiff's entitlement to meal periods arises from and is governed by the Local 55 CBA. His meal period claim is preempted by Section 301. He cannot assert any such meal period claim under RCW 49.12.020 and WAC 296-126-092. *See, e.g.*, *Stafford v. Key Mech. Co.*, No. C-21-5063-BHS-MLP, 2021 WL 2211287, *adopted by*, 2021 WL 2206496 (W.D. Wash. June 1, 2021), at *4–8 (dismissing meal and rest period claims with prejudice as superseded by RCW 49.12.187 and thus preempted by Section 301); *Troupe*, 2010 WL 11688491, at *4 (dismissing meal period claim as preempted by Section 301 and remanding rest period claim as CBA did not require rest periods and thus the claim was governed by state law); *see also Burnside*, 491 F.3d at 1059 ("If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there.") (citing cases).

B. Plaintiff's Remaining Claims Require Interpretation of the Local 55 CBA.

23. Plaintiff's wage and unlawful deduction claims (Counts III-VI) are "inextricably intertwined" and "substantially dependent" on an analysis and interpretation of the Local 55 CBA and the parties' past practices. Thus, these claims are likewise preempted by Section 301.

24. To support his claim for failure to pay for all hours worked, Plaintiff alleges that Defendants failed to pay him and putative class members for preparatory work performed off-the-clock, for work performed during meal and rest periods, and for travel time that extended the workweek beyond forty hours. Ex. A at ¶¶ 5.15, 8.3–8.4, 9.3–9.5.

NOTICE OF REMOVAL - 7
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

25. The Local 55 CBA governs the terms and conditions of Plaintiff's employment, and contains detailed provisions regarding wages, overtime wages, travel time, and hours of work, as well as provisions requiring employees to grieve and arbitration all disputes "arising out of interpretation and enforcement [of the CBA]." Anderson Decl. at ¶ 4, Ex. 1 at Standard Form Agreement, Arts. VI, VII, X; Addendum #1, Arts. II–IV; Addendum #2, Art. III.

26. Furthermore, the parties' past practices are incorporated into the Local 55 CBA as implied terms. These implied terms bear on Plaintiff's claims. *See, e.g.*, *Hawaii Teamsters and Allied Workers Union, Local 996 v. United Parcel Serv.*, 241 F.3d 1177, 1181 (9th Cir. 2001) ("the 'industrial common law' . . . 'is equally a part of the collective bargaining agreement although not expressed in it.'") (citations omitted); *Nat'l Metalcrafters, Div. of Keystone Consol. Indus. v. McNeil*, 784 F.2d 817, 824 (7th Cir. 1986) (dispute over CBA's interpretation existed where parties filled gaps in CBA with implied terms); *see also Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 311–12 (1989) (explaining that implied provisions and past practices become part of a CBA) (citing cases).

27. Here, Plaintiff's wage claims cannot be resolved without an in-depth examination and interpretation of the Local 55 CBA and the past practices between the parties. For instance, the Local 55 CBA contemplates some types of "preparatory work" – i.e. travel time before scheduled work hours. Anderson Decl. at ¶ 4, Ex. 1 at Addendum #1, Art. II. However, Plaintiff's Complaint does not describe the alleged "preparatory work" with any detail. *See* Ex. A at ¶ 5.15. Thus, the Court will have to scrutinize the Local 55 CBA and the parties' past practices to determine whether the alleged off-the-clock activities about which Plaintiff complains fall under the purview of the Local 55 CBA. *See Dombkowski v. Safeway Inc.*, No. C 05-00736 JF, 2005 WL 1773235, at *2 (N.D. Cal. July 26, 2005) ("Even if the CBA is unambiguous, [i]t is well established that the parties' practices, usage and custom are of significance in interpreting collective bargaining agreements, as such agreements may include implied as well as express terms.") (citing cases) (denying motion to remand as parties' past practice regarding increasing wages required interpretation of the CBA). Furthermore, the

NOTICE OF REMOVAL - 8
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

Court's calculation of any alleged unpaid wages would require a factual analysis based on the Local 55 CBA, unique to Plaintiff and each member of the putative class based on their seniority and the task performed. *See, e.g.*, *Atchley v. Heritage Cable Vision Assoc.*, 101 F.3d 495, 500 (7th Cir. 1996) (timing of payment of wage increases and whether employees were paid properly required interpretation of CBA such that claim preempted by Section 301).

28. Furthermore, Plaintiff's claim for compensation based on "travel time" also requires an analysis and interpretation of the Local 55 CBA. Plaintiff's Complaint does not describe the alleged "travel time" with any detail. *See* Ex. A at ¶ 5.21. To determine whether travel time is compensable, the Court will have to examine whether the employees are "on duty" at the "employer's premises" or "prescribed work place." *See* Hours Worked, Wash. Dep't of Labor & Indus., Admin. Policy ES.C.2 at 1–3 (rev. July 9, 2021); *see also* WAC 296-126-002(8) ("Hours worked" shall be considered to mean all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place). The extent to which Defendants restricted Plaintiff's personal activities and controlled his time will depend on an interpretation the travel-related provisions in the Local 55 CBA, and the parties' past practices regarding travel.

29. And, the question of whether Defendants "willfully" withheld wages (for the alleged double damages sought in Count VI) by conducting itself in accordance with bargained-for terms and conditions of work also cannot be resolved without interpreting the Local 55 CBA and the parties' past practices. Ex. A at ¶¶ 11.1–11.6.

30. District courts regularly assert jurisdiction over alleged state wage and hour claims based on the preemptive power of Section 301. *See, e.g.*, *Vera*, 335 F.3d at 114–15 (removing state claims for wage deduction violations); *Clee v. MVM, Inc.*, 91 F. Supp. 3d 54, 62–64 (D. Mass. 2015) (removing state wage claims for pre-shift and post-shift work); *Barton v. House of Raeford Farms, Inc.*, 745 F.3d 95, 109 (4th Cir. 2014) (state claims for wages owed for donning and doffing protective gear preempted by Section 301); *Curry v. Kraft Foods Global, Inc.*, No. 10 C 1288, 2012 WL 104627, *5–6 (N.D. Ill. 2012) (removing state claims for

NOTICE OF REMOVAL - 9
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

unpaid wages for donning and doffing activities); *Santiago v. Aramark Uniform and Career Apparel*, LLC, No. C 12-04462 JSW, 2012 WL 5868954, *4 (N.D. Cal. 2012) (removing state wage claims); *cf. Firestone v. Southern California Gas Co.*, 219 F.3d 1063, 1066 (9th Cir. 2000) (state wage and hour claims preempted under Section 301).

### III.   The Court Should Retain Jurisdiction Over Plaintiff's Remaining Claims.

31.   The Court may retain supplemental jurisdiction over any claims that form the same case or controversy as the claims arising under federal law. 28 U.S.C. § 1367(a). Thus, the Court may retain supplemental jurisdiction over Plaintiff's rest period claim (Count I) as this state law claim arises from a common nucleus of facts as Plaintiff's claims preempted by Section 301.

### IV.   Conclusion

32.   In sum, Plaintiff brings a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331. Plaintiff's wage and hour allegations are preempted by Section 301 as the terms and conditions of his employment are covered by the Local 55 CBA as discussed above. Removal is proper.

33.   To the extent that any ancillary claim alleged in the Complaint is not preempted by Section 301, it is removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

For the reasons above, Defendants respectfully give notice that the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington at Seattle.

///

///

///

///

///

///

NOTICE OF REMOVAL - 10
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

DATED this 29th day of December, 2022.

    Davis Wright Tremaine LLP
    Attorneys for Defendants

    */s Devin Smith*
    Devin M. Smith, WSBA #42219
    Davis Wright Tremaine LLP
    929 – 108th Avenue NE, Suite 1500
    Bellevue, WA  98004
    P:  (425) 646-6108
    F:  (425) 646-6199
    Email:  devinsmith@dwt.com

    */s Madhura Panjini*
    Madhura Panjini, WSBA #54370
    Davis Wright Tremaine LLP
    1300 S.W. Fifth Avenue, Suite 2400
    Portland, OR  97201
    P:  (503) 241-2300
    F:  (503) 778-5299
    Email:  madhurapanjini@dwt.com

NOTICE OF REMOVAL - 11
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax

# CERTIFICATE OF SERVICE

I hereby certify that I caused the document to which this certificate is attached to be delivered to the following as indicated:

| | |
|---|---|
| Toby Marshall<br>Jasmine Rezaie<br>Eric Nusser<br>Terrell Marshall Law Group PLLC<br>936 North 34th Street, Suite 300<br>Seattle, WA 98103-8869<br>Email: tmarshall@terrellmarshall.com<br>         jrezaie@terrelllmarshall.com<br>         eric@terrellmarshall.com | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |
| Damian Mendez<br>MENDEZ LAW GROUP PLLC<br>3317 36th Avenue S., Unit B<br>Seattle, WA 98144-7007<br>Email: damian@damianmendezlaw.com | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Facsimile<br>☒ Email<br>☐ ECF |

DATED and signed this 29th day of December, 2022 at Redmond, Washington.

*/s/ Susan Bright*
_____
Susan Bright

NOTICE OF REMOVAL - 12
4892-1885-2165v.5 0050033-001550

Davis Wright Tremaine LLP
LAW OFFICES
Suite 1500
929 108th Avenue NE
Bellevue, WA 98004
425.646.6100 main · 425.646.6199 fax